**Zaven KHACHATRYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–70236.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 16, 2007.

Reynold E. Finnegan, Esq., Finnegan & Diba a Law Corporation, Los Angeles, CA, for Petitioner.

Zaven Khachatryan, Burbank, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Steve Frank, Esq., U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Zaven Khachatryan, a native of Iran and citizen of Armenia, petitions for review of the order of the Board of Immigration

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Appeals ("BIA") that summarily affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition for review.

We conclude that substantial evidence supports the IJ's determination that Khachatryan failed to establish a well-founded fear of future persecution on account of a protected ground. The IJ found that Khachatryan failed to establish that native Armenians, local police, and government officials victimized him on account of his national origin, and the record does not compel a contrary conclusion. *See id.* at 1177; *Kozulin v. INS*, 218 F.3d 1112, 1115–17 (9th Cir.2000).

Because Khachatryan failed to meet his burden for asylum, he necessarily did not satisfy the more stringent standard for withholding of removal. *See Gormley*, 364 F.3d at 1180.

Khachatryan has waived any challenge to the denial of CAT relief by failing to raise it in his opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

We decline to consider Khachatryan's challenge to the BIA's denial of his motion to reopen, because Khachatryan did not file a petition for review from that decision. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1039 n. 3 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**